UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>HUI LIAN KE, a/k/a LILY KO,<br><br>Plaintiff. | Case No. 17-cv-04564-EMC<br>Case No. 17-cv-04883-EMC<br>Case No. 17-cv-04884-EMC<br>Case No. 17-cv-04885-EMC<br>Case No. 17-cv-04911-EMC<br>Case No. 17-cv-04912-EMC<br>Case No. 17-cv-04913-EMC<br>Case No. 17-cv-04914-EMC<br>Case No. 17-cv-04951-EMC<br>Case No. 17-cv-04954-EMC<br>Case No. 17-cv-05113-EMC<br>Case No. 17-cv-05280-EMC<br>Case No. 17-cv-05666-EMC |

**ORDER REQUIRING AMENDED COMPLAINTS**

## I.  INTRODUCTION

Hui Lian Ke, also known as Lily Ko, filed these several *pro se* civil actions.  At the time she filed the actions, she was an inmate at the Santa Clara County Jail and has since been transferred to Napa State Hospital.  The complaints are now before the Court for review under 28 U.S.C. §§ 1915(e) and 1915A.

## II.  BACKGROUND

In the past year, Plaintiff has filed more than thirty actions.  This order addresses thirteen of her newer civil actions.

From Plaintiff's various filings, it appears that:  (1) her two children were removed from the home, perhaps by social services agents, in May 2014; (2) Plaintiff violated a temporary restraining order in September 2014 that has something to do with child custody issues; (3) Plaintiff was arrested in 2015 and 2017, and perhaps also in 2014; (4) when she filed these actions,

Plaintiff was in Santa Clara County Jail as a pretrial detainee; (4) a judge declared a doubt about her competency to stand trial in 2017; and (5) Plaintiff has been sent to Napa State Hospital to attempt to restore her to competency to stand trial. Although those few facts can be gleaned from the various filings, none of the complaints presents an understandable statement of facts or an understandable statement of legal claim(s).

Plaintiff has chosen to sue various alleged wrongdoers in separate actions, although all the actions seem to be connected to the child custody case and one or more criminal cases. In Case No. 17-cv-4564 EMC, Plaintiff sues Rebecca Fleming, a court clerk at the Santa Clara County Superior Court, on an incoherent trespass theory with incoherent facts. In Case No. 17-cv-4884 EMC, Plaintiff sues the "warden" of the jail, asserting that her incarceration was wrongful because "I never signed or agreed to any contract --including your booking contract." Docket No. 1 at 1 in Case No. 17-cv-4884 EMC. In Case No. 17-cv-4884 EMC, Plaintiff sues Diane Dooley, the Secretary of California's Department of Health and Human Services. The complaint is largely incomprehensible, but appears to allege that some birth certificates are adhesion contracts to which Plaintiff did not agree and that she never consented to participate in trading those birth certificates on the stock market. In Case No. 17-cv-4885 EMC, Plaintiff again sues Rebecca Fleming, a court clerk at Santa Clara County Superior Court, on an incoherent theory with incoherent facts. In Case No. 17-cv-4911 EMC, Plaintiff sues Alejandro Padilla, the Secretary of State for California. The complaint is largely incomprehensible, but appears to allege that Plaintiff withdrew her consent to proceed in several Santa Clara County Superior Court cases and wants her children and freedom restored. In Case No. 17-cv-4912 EMC, Plaintiff sues two prosecutors and a third party; the complaint is quite unclear but appears to contend that her prosecution is improper in some unexplained way and demands her release from custody. In Case No. 17-cv-4913 EMC, Plaintiff appears to challenge the removal of her children from their home, but also includes two county counsel officers as defendants for no apparent reason; she also demands that the charges against her be expunged. In Case No. 17-cv-4914 EMC, Plaintiff sues the district attorney and offers incoherent legal theories about consent and her children being sureties for deeds. In Case No. 17-cv-4951 EMC, Plaintiff sues the Director of the Santa Clara County Probation Department, and

offers an incoherent theory that she withdraws "from all contract(s) entered with the Superior

Court of Santa Clara County . . . due to forced and coerced participation," which render the

contracts null and void. Docket No. 1 at 1 in Case No. 17-cv-4951 EMC. In Case No. 17-cv-4954

EMC, Plaintiff sues Santa Clara County Sheriff Laurie Smith, alleging that Plaintiff "never

consented to arrest, booking, imprisonment, solicitation(s), presentment(s)" and wants her

children, property and freedom restored. Docket No. 1 at 1 in Case No. 17-cv-4954 EMC. In

Case No. 17-cv-5113 EMC, Plaintiff sues Santa Clara County for "trespass by tort for injunctive

and declaratory relief concerning the matters for [two] inferior court cases" regarding the removal

of her children and their placement in foster care. Docket No. 1 at 1. In Case No. 17-cv-5280

EMC, Plaintiff sues court clerk Rebecca Fleming for the third time and "requests a writ of

prohibition to remove venue from proceedings" in two cases in the Santa Clara County Superior

Court. The complaint mentions several events about her criminal prosecution and the removal of

her children, but the allegations overall fail to present a coherent statement of facts or claims,

especially since it does not appear that the one named defendant has any responsibility for many of

the alleged events. In Case No. 17-cv-5666, Plaintiff claims that Suzanne Romero committed a

"robbery" of Plaintiff on May 6, 2014, when she took Plaintiff's children.

### III. <u>DISCUSSION</u>

A federal court must engage in a preliminary screening of any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any

claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

For cases in which a plaintiff proceeding in forma pauperis has sued private parties, the court may

review and dismiss the action if it is frivolous, malicious, fails to state a claim, or seeks monetary

relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *Pro se*

pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

**A.**     <u>A Basis For Federal Court Jurisdiction Must Be Alleged In Each Action</u>

As relevant here, the Court only has jurisdiction to entertain an action if the parties have diverse citizenship, *see* 28 U.S.C. § 1332, or if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983. (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to these actions.) In simple terms, each of Plaintiff's actions can go forward in federal court only if there is diversity jurisdiction, or if a claim is stated under § 1983.

Diversity jurisdiction requires an amount in controversy greater than $75,000 and, more importantly for present purposes, that the action is between "citizens of different States." *See* 28 U.S.C. § 1332(a)(1). Plaintiff and the defendants appear to be citizens of California. There does not appear to be diversity jurisdiction in any of the actions. If she has facts showing otherwise, Plaintiff may attempt to allege facts suggesting the existence of diversity jurisdiction in any action in which she wishes to proceed based on diversity jurisdiction.

Federal question jurisdiction also is not sufficiently alleged. A civil rights action under 42 U.S.C. § 1983 would give the Court federal question jurisdiction over an action. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

It appears that many of Plaintiff's cases might involve the right to familial association that is protected by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. "'Officials may remove a child from the custody of its parent without prior judicial authorization only if the information they possess at the time of the seizure is such as provides reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury.'" *Sjurset v. Button*, 810 F.3d 609, 617 (9th Cir. 20150) (quoting *Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 2000)). A claim for a due process violation based on the removal of Plaintiff's children could be asserted under § 1983, and would give this Court federal question jurisdiction over the case(s) in which such a claim is asserted.

B.    <u>An Amended Complaint In Each Action Is Needed To Cure The Pleading Problems</u>

Each complaint is a rambling jumble of ideas that is largely incomprehensible.  Plaintiff mentions numerous legal concepts, but fails to allege an understandable set of facts to go with any of those legal concepts.  *See, e.g.,* Docket No. 1 at 1 in Case No. 17-cv-4564 (alleging there has been a "trespass from the theft of my property (Estates) - with Authentication from the United States Secretary of State for Full Faith & Credit.");  Docket No. 1 at 1 in Case No. 17-cv-4914 EMC (alleging that she has "dissolved the joinder from said deeds & reclaimed my Frank's Jaya's bodies," and "rebut[s] any & all presumptions that my Frank's Jaya's body(s) is the surety(s) for said deed(s).").  Each complaint is dismissed for failure to state a claim upon which relief may be granted.  Leave to amend is granted so that Plaintiff may file an amended complaint in each action that cures the several deficiencies addressed in this order.

First, she has to allege a claim showing that the Court has jurisdiction, e.g., diversity jurisdiction or a claim under 42 U.S.C. § 1983, as discussed in the preceding section.

Second, each complaint fails to allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2).  The conclusory allegations in each complaint fail to satisfy some of the basic purposes of a complaint:  framing the dispute and giving the defendants and court notice of the claims upon which relief is sought.  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570; *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").  It is more important that a *pro se* litigant describe the facts of her problem than that she name the legal theories under which she wishes to proceed -- if the Court understands the facts, the Court usually can figure out the legal theory, but the opposite is not true.  In each amended complaint, Plaintiff must allege a short

5

and plain statement of each claim for relief she wishes to assert.

Third, the amended complaint in each action must list every defendant for that action and the adequately link each defendant to the claim(s). Plaintiff should not refer to them as a group (e.g., "the defendants"); rather, she should identify each involved defendant by name and link each of them to her claim by explaining what each involved defendant did or failed to do that caused a violation of her rights, and stating when the violation occurred. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Fourth, Plaintiff has mentioned fraud in some of her complaints, but fails to describe the fraud in any detail. "[A] party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

Fifth, it might be useful for Plaintiff to pursue all her claims about the child custody issues in a single action, rather than filing a different action for every defendant. It is permissible to file an action against different defendants about a single occurrence or a set of related occurrences. Here, she might be able to adequately articulate the facts and claims better if she grouped all of her claims about the child custody issues in one action, all her claims about her pending criminal case in another action, and any claims about the conditions of confinement in yet another action.

C.      Claims Regarding Criminal Proceedings Against Plaintiff

A plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal

court issues a writ of habeas corpus.  *See id.*  The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid.  The practical importance of this rule is that a plaintiff cannot attack her conviction in a civil rights action for damages or declaratory relief; the decision must have been successfully challenged by way of, *e.g.,* a habeas corpus petition before the civil rights action for damages is filed.  The *Heck* rule requires dismissal of a case where the conviction has occurred.  When the action is brought by a pretrial detainee and the criminal proceedings are still pending, the action will be stayed rather than dismissed if it would, if successful, "impugn an anticipated future conviction."  *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

Plaintiff's filings show that she is in custody as a pretrial detainee on criminal charges, and that she is currently housed at Napa State Hospital to restore her to competency to stand trial on those charges.  Many of her claims appear to be about the pending criminal case against her.  She should bear in mind that, if she presents a claim in an amended complaint that attacks the validity of those charges or the criminal proceedings against her, the case will be stayed due to the rules form *Heck* and *Wallace*, discussed in the preceding paragraph.

Finally, if Plaintiff wants to challenge the lawfulness of her current custody, the exclusive method by which she may do so in federal court is by filing a petition for writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  The Court will not construe any of the present actions as a petition for writ of habeas corpus because Plaintiff already has several petitions for writ of habeas corpus pending.  *See Ke v. Davis*, 17-cv-4826 VC; *Ko v. Fleming*, 17-cv-5178 VC; *Ko v. Fleming*, 17-cv-5179 VC.

///

///

///

///

///

///

# IV.    CONCLUSION

Each of the complaints in the referenced actions fails to state a claim upon which relief may be granted.  Plaintiff is given leave to file an amended complaint in each action so that she may allege one or more claims against each of the listed defendants.  Each amended complaint must be filed no later than **January 5, 2018**, and must include the caption and civil case number for that particular action and the words AMENDED COMPLAINT on the first page.  If Plaintiff fails to file an amended complaint by the deadline for an action, that action will be dismissed.

**IT IS SO ORDERED**.

Dated: December 7, 2017

_____
EDWARD M. CHEN
United States District Judge